**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ST. CLAIR, INC.,**

      Plaintiff,                          Case No. 2:10-cv-10910

**vs.**                                Honorable Denise Page Hood

**LACKS ENTERPRISES, INC.,**        Magistrate Judge Virginia M. Morgan
**LACKS EXTERIOR SYSTEMS, L.L.C.,**
**LACKS WHEEL TRIM SYSTEMS, L.L.C.,**
**and PLASTIC-PLATE, INC.,**

      Defendants.

_____

Randall J. Gillary (P29905)        Geoffrey A. Fields (P41788)
Kevin P. Albus (P53668)            Christina K. McDonald (P73517)
RANDALL J. GILLARY, P.C.      DICKINSON WRIGHT PLLC
Attorneys for Plaintiff             Attorneys for Defendants
201 W. Big Beaver Rd., Ste. 1020   200 Ottawa NW, Ste. 1000
Troy, MI  48084                 Grand Rapids, MI  49503
(248) 528-0440                  (616) 458-1300

_____

LAW OFFICES OF
RANDALL J. GILLARY, P.C.
COLUMBIA CENTER
201 W. BIG BEAVER ROAD
SUITE 1020
TROY, MI  48084
_____

(248) 528-0440
FAX (248) 528-3412

### STIPULATED PROTECTIVE ORDER

The parties to the above-captioned matter having stipulated to the entry hereof, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED as follows:

1.      When used in this Order, "confidential documents" mean all written, recorded, or graphic matter whatsoever, including, but not limited to, interrogatory answers, admission answers, documents produced by any party or non-party in this action whether pursuant to document request, subpoena, or by agreement, affidavits, deposition transcripts, exhibits, or any portions or summaries of such documents that are marked "Confidential — Produced Pursuant to Protective Order" or otherwise designated as "Confidential."

2.      All confidential documents, as that term is defined by Paragraph 1, shall be used solely for the prosecution and/or defense of this action.

3.      Except as provided in Paragraphs 4 and 5, no confidential documents and no information contained in a confidential document may be disclosed to any person other than:

   a. Counsel for the parties and secretaries, paralegal assistants and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

   b. The parties to this action, including their officers, directors, and employees who are engaged in the litigation of this matter;

   c. The Court and any personnel employed by the Court;

   d. Any arbitrators, mediators, case evaluators, or other alternative dispute resolution personnel used or employed by the parties in this action;

   e. Any court reporter or recorder involved in the taking and/or transcribing of testimony in this matter whether at deposition or any other hearing; and,

   f. Outside vendors retained for the purpose of making photocopies for use in the litigation of this matter.

4.      Confidential documents or information contained in a confidential document may also be disclosed to outside consultants and experts retained for the purpose of assisting in the preparation of this action.  Before making disclosure pursuant to this paragraph, the party must obtain an executed Consent Agreement (attached as Exhibit A) from the person reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions.

2

5.      Whenever a party objects to the designation of a document as confidential, it may apply to the Court for a ruling that the document shall not be so treated, giving notice to the party producing the document.  Until this Court enters an Order changing the designation, the document shall be given the confidential treatment initially assigned to it and provided for it in this Order.

6.      Confidential documents produced or information covered by this Protective Order shall be made available only to persons authorized by this Protective Order.  In the event that any confidential documents or information covered by this Protective Order are used in any court proceeding, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.  In the event that a party includes any confidential documents or information covered by this Protective Order in any affidavits, briefs, memoranda of law or other papers filed in Court in this litigation, the parties agree that such confidential documents or information shall be submitted under seal to the Court.

7.      After the ultimate conclusion of this case and any appeal, whether by dismissal, final judgment or settlement, upon written request by the producing party, any person who received confidential documents produced pursuant to this Protective Order shall destroy all copies of such confidential documents, and shall certify such destruction in writing to counsel for the producing party.  Notwithstanding the foregoing, counsel for the parties may retain one archival copy of any confidential documents which were attached as exhibits to any affidavits, briefs, memoranda of law or other papers filed in Court in this litigation, as well as any copies of confidential documents to which attorney-client communications or attorney work product has been appended.

8.      Nothing in this Order shall prevent any party or nonparty from seeking modification of this Order or from objecting to discovery which it believes to be otherwise improper.


                                        s/ DENISE PAGE HOOD
                                        United States District Judge


Dated: July 7, 2010


Stipulated and agreed to:


s/Kevin P. Albus                                s/Geoffrey A. Fields (w/consent)
Randall J. Gillary, P.C.                        Dickinson Wright PLLC
201 W. Big Beaver Rd., Ste. 1020                200 Ottawa NW, Ste. 1000
Troy, MI  48084                                 Grand Rapids, MI  49503
(248) 528-0440                                  (616) 458-1300
kalbus@gillarylaw.com                           gfields@dickinson-wright.com
P53668                                          P41788


4

**Exhibit A**

## CONSENT  AGREEMENT TO BE
## BOUND BY PROTECTIVE ORDER

I, the undersigned, have read and understand the terms and conditions of the Stipulated Protective Order of the parties in the above-captioned matter dated _____, 2010, and I consent under penalty of contempt to be bound by its terms as follows:

(1)     I agree that I will only use the confidential documents received by me in accordance with the terms of the Stipulated Protective Order and will not disclose such confidential documents except as expressly permitted by the terms of the Stipulated Protective Order.

(2)     I agree to return all confidential documents to the attorneys who presented this Consent Agreement to me within forty-five (45) days after the ultimate conclusion of this case, whether by dismissal, final judgment or settlement.

(3)     I consent to the personal jurisdiction of the United States District Court for the Eastern District of Michigan for any and all purposes relating to the enforcement of the Stipulated Protective Order and this Consent Agreement, but I do not consent to the jurisdiction of this Court for any other purposes.

Signature: _____

Date: _____