UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ST. CLAIR, INC.,

        Plaintiff,

v.                                              Case No. 10-10910
                                                  Honorable Denise Page Hood

LACKS ENTERPRISES, INC.,
LACKS EXTERIOR SYSTEMS, LLC,
LACKS WHEEL TRIM SYSTEMS, LLC,
and PLASTIC-PLATE, INC.,

        Defendants.

_____/

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DEFENDANT PLASTIC-PLATE'S MOTION TO JOIN A NECESSARY PARTY OR, IN THE ALTERNATIVE, MOTION TO DISMISS**

**I.     INTRODUCTION**

       This matter is before the Court on Defendants' Motion for Summary Judgment to Dismiss All Claims Against Lacks Enterprises, Inc., Lacks Exterior Trim Systems, LLC, and Lacks Wheel Trim Systems LLC. **Docket No. 20, filed January 31, 2011**. Also before the Court is Defendants' Motion to Join as a Party the Estate of Ronald Gault or, in the Alternative, to Dismiss for Want of a Necessary Party. **Docket No. 21, filed January 31, 2011**. Plaintiff filed responses.

**II.    STATEMENT OF FACTS**

       Plaintiff St. Clair, Inc. ("Plaintiff") is a sales representative firm incorporated in Ontario, Canada with its principle place of business in Chatham, Ontario. [Pl.'s Resp. Mot. Join. at 6.]

1

The Defendants—Lacks Enterprises, Inc., Lacks Exterior Systems, LLC, Lacks Wheel Trim Systems, LLC ("Defendant Lacks") and Plastic-Plate ("Defendant Plastic-Plate")—are Michigan businesses with principle places of business in Grand Rapids, Michigan (collectively the "Defendants"). [Def.'s Mot. Join. at 1.]  Plaintiff alleges that it entered into a sales agreement with all Defendants to procure business from Honda for the Defendants. [Pl.'s Resp. Mot. Summ. J. at 2**.]** Defendant Lacks alleges that Plastic-Plate had a personal sales agreement with one of Plaintiff's principle shareholders, Ronald Gault. Mr. Gault passed away in a motor vehicle accident in July 2008. [Pl.'s Resp. Mot. Join. at 7.] Plaintiff now seeks damages for unpaid sales commissions from alleged business obtained from Honda for the Defendants. [Pl.'s Resp. Mot. Join. at 7.]

Plaintiff alleges that Defendants knew that Ronald Gault was terminally ill during Plaintiff's relationship with Defendants. [Pl.'s Resp. Mot. Summ. J. Ex. C.] Plaintiff further alleges that Defendants stopped paying commissions after learning of Mr. Gault's death, but offered to continue paying commissions for one year at a rate of one percent. [Pl.'s Resp. Mot. Summ. J. Ex. C.] Defendants allege that they were only interested in business with Mr. Gault. [Def.'s Mot. Join. at 2.] There was no written agreement between the parties**. [**Def.'s Mot. Join.

Ex. B.][1]

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must review the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586; *Celetrex Corp v. Catrett*, 477 U.S. 317, 232-24 (1986).

Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### IV. ANALYSIS

    **A.    Defendant Lacks' Motion for Summary Judgment**

---

[1] Defendants submitted an unsigned written contract between Defendant Plastic-Plate and Mr. Gault. [Def.'s Mot. Join. Ex. C.]

Defendant Lacks argues that Plaintiff's five claims must fail because Plaintiff is unable to prove damages. Specifically, Defendant Lacks contends that Plaintiff did not procure any sales for any of the Lacks Defendants. [Def.'s Mot. Summ. J. at 4.] However, it appears that Defendant Lacks has failed to prove that they are entitled to summary judgment as a "matter of law" or that there is "no genuine issue of material fact." Fed. R. Civ. P. 56(a). Plaintiff has brought sufficient evidence to raise an issue of material fact as to the existence of a contract and damages.

                **1.**      **Count I: Breach of Contract**

First, Defendant Lacks argues that there was only a personal services contract between Ronald Gault and Defendant Plastic-Plate, who did not join in the motion, and that Plaintiff cannot show that it performed any obligations under any contract or was damaged by a breach. [Def.'s Mot. Summ. J. at 1-2 and 4.] Plaintiff, however, contends that a sales agreement existed between Plaintiff and Defendant Lacks and Defendant Plastic-Plate. [Pl.'s Resp. Mot. Summ. J. at 1.]

Under Michigan law, once a valid contract is established,[2] the party seeking to support a breach of contract claim must prove by a preponderance of the evidence the terms of the contract, that the defendant(s) breached the contract, and that the breach caused the plaintiff's injury. *In re Brown,* 342 F.3d 620, 628 (6th Cir. 2003). If a breach is established, a defendant has the burden of proving justification for the breach.[3] *Malcolm MacDowell & Assoc., Inc. v. Ecorse-Lincoln Park Bank*, 325 Mich. 591, 598 (1949).

Defendant Lacks alleges that it was not party to any contract. It further contends that there is nothing currently due on the personal sales contract between Defendant Plastic-Plate and Ronald Gault. [Def.'s Mot. Summ. J. Ex. C at 3.] Defendant Lacks cite depositions from Christopher Tremblay, president of St. Clair, Inc., and Matthew Bergsma, representative for all four Defendants. [Def.'s Mot. Summ. J. Ex. C and D.] Both Mr. Tremblay and Mr. Bergsma report that purchase orders were only received from Defendant Plastic-Plate. *Id.*

However, Plaintiff has provided sufficient evidence to demonstrate a genuine issue of material fact. Although Defendant Lacks alleges that there was only a personal services contract between Defendant Plastic-Plate and Mr. Gault, Plaintiff has attached copies of eleven checks from Defendant Plastic-Plate to Plaintiff, not Mr. Gault, totaling over $118,000. [Pl.'s Resp. Mot. Summ. J. Ex. H.] This would imply the existence of an agreement between Defendant Plastic-Plate, at the least, and Plaintiff. In addition, Christopher Tremblay averred during his deposition that there was a sales agreement between all the Defendants and Plaintiff to obtain

---

[2] A valid contract is established when the following elements are met: (1) parties are competent to contract; (2) proper subject matter; (3) legal consideration; and (4) mutuality of consideration. *Thomas v. Leja*, 187 Mich.App. 418, 468 (1990). The parties do not dispute the existence of a valid contract, but the terms of the contract.

[3] Defendants cite *Malcolm* for the proposition that Plaintiff must prove that a contract existed, the terms of the contract, Plaintiff performed its obligations under the contract, *each* defendant breached the contract, and that Plaintiff was damaged by the breach. [Def.'s Mot. Summ. J. at 4.] The case stands for position that if there was some justification for Defendants breach, the burden of establishing it rested upon Defendants. *Malcolm MacDowell & Assoc., Inc.,* 325 Mich. at 598.

sales from Honda. During contract negotiations, the Defendants never distinguished themselves as separate entities or specifically indicated that the services were only for Defendant Plastic-Plate. [Pl.'s Resp. Mot. Summ. J. Ex. F at 56-57, 61-62, and118-19.]

Plaintiff argues that all four Defendants acted as a single entity and the sales representative agreement was between Plaintiff and all four Defendants. Michigan law allows a court to pierce the corporate veil "'where there is a unity of interest of the stockholders and the corporation and where the stockholders have used the corporate structure in an attempt to avoid legal obligations.'" *Rymal v. Baergen*, 262 Mich.App. 274, 293 (Mich. App. 2004) (quoting *Foodland Distributors v. Al-Naimi,* 220 Mich.App. 453, 456 (Mich. App. 1996). This Court may pierce the corporate veil if the corporate entity is a mere instrumentality of another individual or entity, the corporate entity was used to commit a wrong or fraud, and there was unjust enrichment or loss to the plaintiff. *Id.* at 293-94 (citations omitted).

There is sufficient evidence to raise a genuine issue of material fact as to whether Defendant Lacks and Defendant Plastic-Plate acted as a single entity and whether the corporate veil should be pierced. Plaintiff attaches depositions from the President and CEO of Lacks Enterprises, Richard Lacks, Jr., Vice-President and General Manager of Lacks Wheel Trim Systems, LLC, Lawrence O'Toole, and Christopher Tremblay, President of St. Clair, Inc. [Pl.'s Resp. Mot. Summ. J. Ex. C, E and F.]  Mr. Lacks was unable to describe the corporate structure or identify other companies owned by Lacks Enterprises. [Pl.'s Resp. Mot. Summ. J. Ex. C at 7-8.] Mr. O'Toole reported that he was employed by Lacks Enterprises and managed the Lacks Wheel Trim *Division*, which is actually Lacks Wheel Trim Systems, LLC. [Pl.'s Resp. Mot. Summ. J. Ex. E at 9-10.] On the Lacks Enterprise's website and in business meetings, Defendant Lacks and Defendant Plastic-Plate referred to themselves as "Lacks" and not separate and

distinct entities. [Pl.'s Resp. Mot. Summ. J. Ex. A and F at 62.] In addition, Mr. Tremblay received business cards from Defendant Plastic-Plate, describing it as a division of Lacks Enterprises. [Pl.'s Resp. Mot. Summ. J. Ex. F at 60, Ex. G.] Deposition testimony also shows that Honda parts may have been produced across the various Lacks entities. Any work passed to another Lacks entity was considered an "inter-company markup" and no invoice was generated for the work. [Pl.'s Resp. Mot. Summ. J. Ex. 25-26.] The fact that Defendant Lacks and Defendant Plastic-Plate maintained one representative for the purpose of deposition testimony also implies concerted activity. Defendant Lacks is not entitled to summary judgment on this ground.

### 2.     Count II & III: Unjust Enrichment and Quantum Meruit

Next, Defendant Lacks argues that Plaintiff's unjust enrichment and quantum meruit claims should fail because Defendant Lacks did not receive or retain a benefit from Plaintiff's services because there were no sales and, therefore, no right to commissions. Plaintiff contends that Defendant Lacks has denied an express contract but acknowledged receiving business through Mr. Gault, who is a principle owner of Plaintiff. Deposition testimony shows that both Defendant Lacks and Defendant Plastic-Plate may have produced the Honda parts although invoicing was only through Defendant Plastic-Plate. [Pl.'s Resp. Mot. Summ. J. Ex. E at 24-28.]

To support a claim for unjust enrichment, Plaintiff must show that Defendants received a benefit from Plaintiff, and Plaintiff suffered an inequity when Defendants retained the benefit. *Barber v. SMH, Inc.,* 202 Mich. App. 366, 375 (1994). The law will only imply a contract if there is no express agreement. *Id.* As previously discussed, Plaintiff has sufficiently raised a genuine issue of material fact as to the existence of a contract or agreement and to whether Defendant Lacks may have received a benefit. It appears that Defendant Lacks and Defendant

Plastic-Plate may still produce products for Honda, resulting from sales procured by Plaintiff. [Pl.'s Resp. Mot. Summ. J. Ex. B.] Defendants, whether pursuant to an express agreement or not, made eleven payments to Plaintiff up until the death of Ronald Gault. *Id.* at Ex. D. From this it could be inferred, that Defendants did receive some benefit from its interaction with Plaintiff. Defendant Lacks is not entitled to summary judgment on this ground.

### 3. Count IV & V: Declaratory Judgment and Violation of Michigan Sales Representatives Commission Act

Defendants Lacks also argues that Plaintiff's claims for a declaratory judgment and relief under the Sales Representative Commissions Act should fail because there were no sales

procured for Defendant Lacks.[4] The record is insufficient to determine whether a contract or a breach occurred, precluding a finding on the appropriateness of declaratory judgment or liability under the Sales Representative Commissions Act. Defendant Lacks is not entitled to summary judgment on this ground.

### D. Defendant Plastic-Plate's Motion to Join the Estate of Ronald Gault or, in the Alternative, To Dismiss for Want of Necessary Party

Defendant Plastic-Plate argues that the Estate of Ronald Gault should be added as a necessary party because without doing so Defendant Plastic-Plate could be subject to inconsistent obligations. Defendant Plastic-Plate further contends that because the Estate is not obligated to join the litigation, it must be added as a defendant, which would destroy diversity, requiring this Court to dismiss this action.

Plaintiff contends that this Court can give complete relief because if a contract does exist between Ronald Gault and Defendant Plastic-Plate, it would not exist between Plaintiff and the all four Defendants. Defendant Plastic-Plate did not provide any evidence that the Estate is considering a claim against it. Rather, Defendant Lacks and Defendant Plastic-Plate acknowledged that the Estate has closed. Furthermore, Plaintiff would not have an adequate remedy if the case was dismissed because Plaintiff cannot compel the Estate to join and a Canadian court may not have personal jurisdiction over the Defendants. In its supplemental brief, Plaintiff also noted that the Estate signed a Full and Final release barring any claims that would require contribution or indemnity from Plaintiff. Pl.'s Supp. Br. Ex. 1.

---

[4] Defendant Lacks mentions in its motion that "[i]nsofar as they are entitled to prevail on Count V [Violation of Michigan Sales Commissions Act] of the Complaint," they are eligible to recover attorney fees and costs under M.C.L. 600.2961(6). Defendant Lacks did not cite any law or provide any discussion to support their proposition in their supporting brief. Plaintiff argues that Defendant Lacks is not entitled to fees because it has not prevailed on the motion for summary judgment. As previously discussed, the record is insufficient to determine whether there was a contract and whether the Defendants breached it. It is too early to determine whether Defendant Lacks is the prevailing party and entitled to costs and fees.

Fed. R. Civ. P. 19 joinder requires an initial three step analysis before a party may be joined. First, the court must determine whether the party is necessary and should be joined if possible. *Painewebber v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2002) (citing *Soberay Mach & Equip Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763-64 (6th Cir. 1999)). Second, the court must consider whether it has personal jurisdiction over the necessary party and whether joining that party will destroy the basis for jurisdiction. *Id.* Finally, the court must assess whether equity requires the court to dismiss the action because the absent party is indispensable. *Id.* Dismissal is only appropriate when the court does not have personal jurisdiction or the party cannot be joined without destroying the basis for subject matter jurisdiction. *Id.*

It does not appear that the Estate of Ronald Gault is a necessary and indispensable party to this action. The question before this Court is whether there is a contract between Plaintiff and all the Defendants. If the Court finds that there is a contract between the Plaintiff and all the Defendants, then necessarily, there is no contract between Defendant Plastic-Plate and the Estate of Ronald Gault. Additionally, as both parties agree, this Court may not have personal jurisdiction over this Canadian citizen. Joining the Estate as a defendant would destroy subject matter jurisdiction and deprive Plaintiff of any relief. Importantly, the Estate signed a Full and Final Release, which appears to preclude the Estate from pursuing a claim against the Defendants. [Pl.'s Supp. Brief. Ex. A.] Defendant Plastic-Plate's Motion to Join or, in the Alternative, to Dismiss should be denied.

### IV.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Defendant's Defendant Lacks' Motion for Summary Judgment **[Docket No. 20, filed January 31, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Plastic-Plate's Motion to Join as Necessary Party or, in the Alternative, to Dismiss for Want of a Necessary Party **[Docket No. 21, filed January 31, 2011]** is **DENIED.**

                                              s/Denise Page Hood  
                                              United States District Judge

Dated: September 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2011, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry  
                                              Case Manager